### W. H. CRUMP et al. *v.* MATTHEW MITCHELL and Wife.

BAILMENT: LOAN: WHEN STATUTE OF LIMITATIONS COMMENCES TO RUN AGAINST BAILOR.—A sale by the bailee of a chattel loaned, is an assertion of title adverse to the bailor, and from that time the Statute of Limitations will commence running against the bailor's claim. See *Hall* v. *Dickey*, 32 Miss. R. 208.

APPEAL from the Chancery Court of Tippah county. Hon. P. T. Scruggs, chancellor.

*J. W. Thompson*, for appellants.

*Jackson* and *Brougher*, on same side.

*O. Davis*, for appellees.

FISHER, J., delivered the opinion of the court.

This is an appeal from a final decree of the Chancery Court of Tippah county, sustaining a demurrer to the complainants' bill.

The complainants assert a title to the slaves in controversy, as distributees of the estate of one Polly Hill, deceased. It appears that one Samuel McLean, about the year 1824, in the State of Tennessee, made a loan of the slave Jenny to his daughter, Mrs. Hill, then the wife of Abel W. Hill. That Hill and wife continued in possession of said slave until they removed to this State in 1846, when Hill sold the slave to the defendants. It further appears that McLean, about the year 1850, died, having previously made his will, bequeathing the slave to Mrs. Hill and the heirs of her body. Mrs. Hill having died about the year 1856, this bill was filed by the complainants, claiming as her distributees. The defendants filed a general demurrer, which was sustained by the court below, to the bill. The defence relied on is, that a complete title had vested in the defendants, under the Statute of Limitations, prior to the death of Samuel McLean, under whose will the complainants indirectly claim. The sale by Hill in 1846 was an assertion of title, and put an end to the contract of loan. The statute then commenced running, and so continuing for the space of three years without interruption, before the death of McLean, the title of the purchasers became complete. The bill, therefore, showing title in the defendants could not be sustained.

Decree affirmed.